IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MJ-1098-JG-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| KENITRA GILMER, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court on 3 March 2014 for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Criminal Investigation Division of the Internal Revenue Service. Defendant presented the testimony of the proposed third-party custodian, her mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in four counts of a five-count indictment in the Northern District of Florida on 28 January 2014 with conversion of United States property, possession of 15 or more unauthorized access devices, use of one or more unauthorized access devices, and identity

theft during and in relation to the other offenses charged, as well as aiding and abetting, on 8 February 2012. The evidence presented at the hearing showed that the charges arise from a traffic stop of defendant and the codefendant in the Northern District of Florida on the alleged offense date. While initially stopped for a traffic violation, the defendants gave inconsistent stories about where they were travelling from and to, and the scent of marijuana was emanating from the car. The defendants refused to consent to a search, a drug-sniffing dog alerted to the windows and trunk, and the police searched the car. In addition to marijuana, police found 3 bags of cash in the car totaling over $52,000, 17 TurboTax cards in 17 different names, and identifiers for other persons. Expenditures of more than $40,000 had been made using the TurboTax cards.

The defendants claimed they had submitted tax returns for inmates pursuant to a program designed for them and the TurboTax cards reflected the refunds on those returns. Subsequent interviews with 9 of the 17 persons for whom defendants had the cards revealed that only 1 was an inmate and none had authorized defendants to file returns on their behalf. The inmate believed he had encountered defendants two years before, but did not otherwise know them. None of the other persons interviewed had any familiarity with the defendants.

Three of the returns defendants submitted listed the same refund amount. The other returns listed a different refund amount, but it was the same in each of these returns. Defendant appears to have lived in the Charlotte area at the time of the traffic stop.

On 23 July 2013, defendant was stopped for a traffic offense while driving alone in Vance County, North Carolina. At one point during the stop, defendant refused instructions to leave her car and police had to taser her three times before she submitted to handcuffing. Police ultimately found three packages of cocaine, totaling over 311 grams, inside a cake in the car.

2

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the fraud-related nature of the offenses charged; the circumstances of the offense charged, including the amount of currency and TurboTax expenditures involved, and the involvement of interstate travel; the danger of further criminal conduct by defendant if released, as exemplified by her subsequent involvement in significant drug-trafficking activity notwithstanding her knowledge from interviews with IRS agents that she was being investigated federally; the unsuitability of the proposed third-party custodianship in light of the absence of the proposed custodian from the home during business hours for full-time work and the extent of the risk of danger and flight presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the absence of a serious criminal record for defendant (she has three speeding convictions and two failures to appear) and the delay in prosecution of defendant. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver

defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 5th day of March 2014.

_____
James E. Gates
United States Magistrate Judge